

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MOCKINGBIRD DENTAL GROUP, P.C.,  §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   NO. 4:15-CV-404-A
                                 §
SABRINA CARNEGIE, F/K/A          §
IULIANNA RYCHKOVA,               §
                                 §
          Defendant.             §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion for substituted

service filed by plaintiff, Mockingbird Dental Group, P.C., on

June 12, 2015.  After having considered such motion, the

affidavit filed in support thereof, and applicable legal

authorities, the court has concluded that the motion should be

denied.

I.

Plaintiff's Motion and Supporting Affidavits

Plaintiff, by way of Rule 4(e)(1) of the Federal Rules of

Civil Procedure and Rule 106(b)(2) of the Texas Rules of Civil

Procedure, moves for an order allowing service of process to be

made on defendant, Sabrina Carnegie formerly known as Iulianna

Rychkova, by leaving a copy of the summons and complaint

conspicuously affixed to the door of 5301 Alpha Road, Apartment

258, Dallas, Texas (the "Address").  In support of its motion,

plaintiff submitted exhibits B, C-1, and C-2, which plaintiff

contended are screen shots of websites operated by the defendant,

and an affidavit of non-service by Gerard D. Hudspeth

("Hudspeth"), a private process server.

The screen shots offered by plaintiff are not authenticated.

Authentication is not a heavy burden.  Thompson v. Bank of Am.

N.A., 783 F.3d 1022, 1027 (5th Cir. 2015).  However, plaintiff

presented no evidence that these screen shots fairly represent

such websites.  See id. ("In the case of an exhibit purported to

represent an electronic source, such as a website or chat logs,

testimony by a witness with direct knowledge of the source,

stating that the exhibit fairly and fully reproduces it, may be

enough to authenticate.").  For that reason, the court did not

consider such evidence in ruling on plaintiff's motion for

substituted service.

With regard to the affidavit, Hudspeth averred that on June

1, 2015, he attempted to serve defendant at the Address.  He

located a "Sabrina Rychkova" in the apartment building's

directory and attempted to call her apartment from the directory

but there was no answer.  On June 3, 2015, he once again used the

directory to call the Address but no one answered.  He then

knocked directly on the door but that produced no answer.  On

June 4, 2015, Hudspeth spoke with an employee in the leasing

office of the Address who confirmed that the building directory

was up-to-date.  Hudspeth then went to the apartment and knocked

on the door again, but there was no answer and the 'notice' he

had posted on June 3, 2015, requesting a call-back, was still on

the door.  Hudspeth concluded that the apartment is not vacant

and is the apartment of Sabrina Rychkova.

II.

## Analysis

A.   Law Pertaining to Substituted Service

Rule 4(e)(1) of the Federal Rules of Civil Procedure

provides that a defendant may be served in a judicial district of

the United States by "following state law for serving a summons

in an action brought in courts of general jurisdiction in the

state where the district court is located . . . ." Fed. R. Civ.

P. 4(e)(1).  Rule 106(a) of the Texas Rules of Civil Procedure

authorizes service of process by personal delivery to the
defendant or by mailing process to the defendant by registered or
certified mail.  Rule 106(b) authorizes substitute methods of
service when the plaintiff makes a showing that service pursuant
to 106(a) was unsuccessful.  Rule 106(b) states:

> Upon motion supported by affidavit stating the
> location of the defendant's usual place of business or
> usual place of abode or other place where the defendant
> can probably be found and stating specifically the
> facts showing that service has been attempted [by
> personal delivery or by certified mail] at the location
> named in such affidavit but has not been successful,
> the court may authorize service
>
> (1) by leaving a true copy of the citation, with a
> copy of the petition attached, with anyone over sixteen
> years of age at the location specified in such
> affidavit, or
>
> (2) in any other manner that the affidavit or
> other evidence before the court shows will be
> reasonably effective to give the defendant notice of
> the suit.

The court may authorize substituted service pursuant to Rule
106(b) only if the plaintiff's supporting affidavit strictly
complies with the requirements of the Rule.  Wilson v. Dunn, 800
S.W.2d 833, 836 (Tex. 1990).

B.    Application of Law to Facts

Hudspeth's affidavit does not provide the information required for this court to authorize substituted service under Rule 106(b).  The complaint names defendant as Sabrina Carnegie f/k/a Iulianna Rychkova.  The affidavit does not explain how Hudspeth concluded that Sabrina Rychkova was the defendant.  Further, while Hudspeth averred that he was told the building directory was up-to-date, he does not state the basis for his belief that the apartment is not empty and that it is the apartment of defendant.  No one answered when Hudspeth knocked on the door and his notice requesting a call-back was still on the door the next day.  Moreover, even assuming _arguendo_ that Sabrina Rychkova is another name of the defendant, it is possible that defendant's name is on the lease for an apartment that is not her usual place of abode or place where she can probably be found.  Finally, the affidavit does not state any fact showing that the method of service plaintiff requested that the court authorize would be reasonably effective to give defendant notice of the suit.

If plaintiff chooses to move again for substituted service, the court expects plaintiff to support its motion with an affidavit or affidavits showing that plaintiff has attempted to serve defendant in the exact manner required by Rule 106(b) and that the proposed substitute method of service will be reasonably effective in giving defendant notice of this action.

III.

Order

Therefore,

The court ORDERS that plaintiff's motion for substituted service be, and is hereby, denied without prejudice to the refiling of a motion accompanied by an adequate affidavit.

SIGNED June 19, 2015.

JOHN McBRYDE
United States District Judge