IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORTHERN DISTRICT OF TEXAS
FILED

JUL 10 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

MOCKINGBIRD DENTAL GROUP, P.C., §
                                §
          Plaintiff,            §
                                §
VS.                             §   NO. 4:15-CV-404-A
                                §
SABRINA CARNEGIE, F/K/A         §
IULIANNA RYCHKOVA,              §
                                §
          Defendant.            §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the first amended motion
for substituted service filed by plaintiff, Mockingbird Dental
Group, P.C., on June 30, 2015.  After having considered such
motion, the appendix, and applicable legal authorities, the court
has concluded that the motion should be granted in part and
denied in part.

I.

Plaintiff's Motion and Supporting Affidavits

Plaintiff, by way of Rule 4(e)(1) of the Federal Rules of
Civil Procedure and Rule 106(b)(2) of the Texas Rules of Civil
Procedure, moved for an order allowing service of process to be
made on defendant, Sabrina Carnegie formerly known as Iulianna

Rychkova, by mailing a copy of the summons, complaint, and the order of the court authorizing substituted service to 5301 Alpha Road, Apartment 258, Dallas, Texas 75240 by regular mail, and by emailing a copy of the summons, complaint, and the order of the court authorizing substituted service to sabrinascoinlaundry@gmail.com.

I.

Analysis

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that a defendant may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Rule 106(a) of the Texas Rules of Civil Procedure authorizes service of process by personal delivery to the defendant or by mailing process to the defendant by registered or certified mail. Rule 106(b) authorizes substitute methods of service when the plaintiff makes a showing that service pursuant to 106(a) was unsuccessful. Rule 106(b) states:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted [by personal delivery or by certified mail] at the location named in

such affidavit but has not been successful, the court
may authorize service

(1) by leaving a true copy of the citation, with a copy
of the petition attached, with anyone over sixteen
years of age at the location specified in such
affidavit, or

(2) in any other manner that the affidavit or other
evidence before the court shows will be reasonably
effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). The court may authorize substituted

service pursuant to Rule 106(b) only if the plaintiff's

supporting affidavit strictly complies with the requirements of

the Rule. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990). The

Texas Supreme Court has authorized substituted service under

106(b) by first class mail, postage prepaid, where there was

"sufficient evidence to establish that notice sent to this

address would be reasonably effective to give [defendant] notice

of the suit." State Farm Fire and Cas. Co. v. Costley, 868

S.W.2d 298 (Tex. 1993).

Exhibit B-11 to plaintiff's motion contained financing

statements in the name of Sabrina FKA Iulianna Rychkova Carnegie

and a search certificate issued by the Office of the Secretary of

State of Texas.   The search certificate bears a signature and the seal of the State of Texas which are sufficient indices of reliability under Federal Rule of Evidence 902 to consider the documents self-authenticated.   Fed. R. Evid. 902.   The UCC financing statement amendment attached to the search certificate stated that defendant's mailing address is 5301 Alpha Road #258, Dallas, Texas 75240.   Exhibit A, the affidavit of non-service by Gerard D. Hudspeth ("Hudspeth"), a private process server, stated that such address is an apartment that is presently occupied by "Sabrina Rychkova," and that he attempted personal service on defendant at that address on June 1, 3, and 4, 2015, but was unsuccessful.   The evidence indicated that Sabrina Rychkova is Sabrina Carnegie f/k/a Iulianna Rychkova.

Plaintiff's evidence is sufficient for the court to find that (1) the above-described address is a place where the defendant can probably be found, (2) service has been attempted under Texas Rule of Civil Procedure 106(a)(1) but such service has not been successful, and (3) notice sent to the above-described address would be reasonably effective in giving defendant notice of the suit.

As to plaintiff's request for substituted service via e-mail, plaintiff has provided the court with no legal authority for the proposition that e-mail is an appropriate method of service.

### III.

### Order

Therefore,

The court ORDERS that plaintiff's motion for substituted service be, and is hereby, granted as to plaintiff's request for substituted service by sending a copy of the summons, complaint, and this order by regular first-class mail, postage prepaid, in an envelope addressed to "Sabrina Carnegie f/k/a Iulianna Rychkova to 5301 Alpha Road, Apartment 258, Dallas, Texas 75240," and in all other things denied.

SIGNED July 10, 2015.

_____
JOHN McBRYDE
United States District Judge